IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

:_____:

THE UNITED STATES OF AMERICA,    :
                    Plaintiff,    :
                                  :
            vs.                   : Case No: 12-626 DRD;
                                  :
[2] MARCIANO OLIVO-ROSA,          :
                    Defendant.    :
:_____:

THE UNITED STATES OF AMERICA,    :
                    Plaintiff,    :
                                  :
            vs.                   : Case No: 13-095 ADC
                                  :
[3] MARCIANO OLIVO-ROSA,          :
                    Defendant.    :
:_____:

TRANSCRIPT OF SENTENCING HEARING
HELD BEFORE THE HONORABLE DANIEL R. DOMÍNGUEZ
JOSÉ V. TOLEDO U.S. COURTHOUSE, OLD SAN JUAN, PUERTO RICO
FRIDAY, NOVEMBER 14, 2014, BEGINNING AT 10:53 A.M.
:_____:


A P P E A R A N C E S:

For the United States of America:

        Assistant U.S. Attorney Nicholas Cannon


For the Defendant:

        Attorney Victor M. Chico-Luna


ALSO PRESENT:

        Ana Romero, Courtroom Deputy Clerk

        Thomas Kavelin, Spanish Interpreter

Sentencing Hearing - Marciano Olivo-Rosa

1    THE BAILIFF:  All rise.

2    (The Court enters the room.)

3    THE COURTROOM DEPUTY:  The United States

4 District Court for the District of Puerto Rico is now

5 in session.  All those having business before this

6 Court shall draw near, give your attention and you

7 shall be heard.  God save the United States of

8 America and this Honorable Court.  Honorable

9 Daniel R. Domínguez presiding.

10    THE BAILIFF:  You may be seated.

11    THE COURT:  Please call the case of

12 Mr. Marciano Olivo.

13    THE COURTROOM DEPUTY:  United States of

14 America versus Marciano Olivo-Rosa.  Criminal case

15 No. 12-626; criminal case No. 13-95.  Sentencing

16 hearing.  On behalf of the government, AUSA Nicholas

17 Cannon substituting for Luke Cass.  On behalf of

18 defendant, Attorney Victor Chico.  Defendant is

19 present and will be assisted by the official court

20 interpreter.

21    MR. CANNON:  Good morning, Your Honor.  The

22 government is ready to proceed.

23    MR. CHICO-LUNA:  Good morning, Your Honor

24 the defense is ready to proceed.  We're just putting

25 on the headphones for Mr. Marciano.

Sentencing Hearing - Marciano Olivo-Rosa

1        THE COURT:  Okay, let's check them out to

2   make sure that...

3        MR. CHICO-LUNA:  It's working, Your Honor.

4        THE COURT:  Counsel, Mr. Chico-Luna, sir,

5   good morning.

6        MR. CHICO-LUNA:  Good morning.

7        THE COURT:  Has the presentence report been

8   duly translated?  By "duly translated" the Court

9   means has the presentence report been translated

10  verbatim and explained to the defendant in these two

11  cases?

12        MR. CHICO-LUNA:  Yes, Your Honor.

13        THE COURT:  Sir, your lawyer -- Mr. Marciano

14  Olivo-Rosa, your lawyer has just advised the Court

15  that he has duly translated and explained the

16  presentence report to you.  Is he making a correct

17  representation?

18        THE DEFENDANT:  Yes.

19        THE COURT:  All right.  Now, this is a plea

20  wherein -- pursuant to the plea, wherein the Court

21  notices that the defendant has been duly advised that

22  he could be sentenced up to 20 years; is that

23  correct?

24        MR. CHICO-LUNA:  That is the range, yes,

25  Your Honor.

Sentencing Hearing - Marciano Olivo-Rosa

1    THE COURT:  So, there is no special notice

2    required by the Court because, since the very

3    beginning, he knows that that could be the range.

4    MR. CHICO-LUNA:  Yes, Your Honor.

5    THE COURT:  All right.  The Court has

6    reviewed your request in this case and is aware of

7    what you have requested and the reasons therefore.

8    So, you don't have to repeat that, but the Court does

9    not want to gag you in any way relating to the

10   potential sentence in this case.  So you may proceed.

11   MR. CHICO-LUNA:  Yes, Your Honor.  Your

12   Honor, briefly, I know the Court is aware of the

13   sentencing memo that was filed; however, the

14   government did file a sentencing memo requesting the

15   upper end of 20 years, and I would like to address

16   that for a few minutes.

17   THE COURT:  You may.

18   MR. CHICO-LUNA:  First of all, the

19   government says that Mr. Marciano's upbringing is no

20   excuse, and I am aware of that.  There is no excuse

21   for criminal conduct; however, it explains, Your

22   Honor, because he was brought up in an environment --

23   his father was an alcoholic, a cocaine user; his

24   mother from an early age did not take care of him.

25   He was raised by his paternal aunts, which are here

Sentencing Hearing - Marciano Olivo-Rosa

1  today.  And his sister was mentally ill, she stabbed

2  him at one point.

3         And these are all things that -- I'm sure

4  Mr. Marciano was not born with a sign on his forehead

5  that said that he was going to commit robberies when

6  he was older, but these are things that change a

7  young man and change a man, and we have to take that

8  into account as to his upbringing.

9         These robberies occurred within a four-month

10  period, that was when Marciano he was working, I

11  believe, in Econo.  He had a child already and he had

12  another one on its way, so he was desperate.  Of the

13  four robberies, two of them he did go into the stores

14  and actually robbed the employees; the other two he

15  was merely -- participated as an aider and abettor.

16  He had his car and he used his car for those, helping

17  out the other people.

18         THE COURT:  But he knew that they were

19  armed?

20         MR. CHICO-LUNA:  Yes, yes, he knew, Your

21  Honor.  We're not denying that.

22         THE COURT:  He knew that they were armed,

23  and he knew that tragically could occur.

24         MR. CHICO-LUNA:  That's true, Your Honor.

25  But another issue that I want to address, the

Sentencing Hearing - Marciano Olivo-Rosa

1    government requested 20 years, but we have to also

2    take into account the disparity of the sentences,

3    Your Honor.

4         THE COURT:  No, no, no.  Why is there a

5    disparity of sentences in this case?

6         MR. CHICO-LUNA:  Your Honor, at least if we

7    review the docket, the other co --

8         THE COURT:  But the other defendant wasn't

9    charged with three other robberies.

10        MR. CHICO-LUNA:  True, Your Honor, but David

11   Domenech, No. 1, was charged with three robberies and

12   he got seven years' recommendation; and he was the

13   shooter in the -- the one who shot the police officer

14   during his get-away.

15        THE COURT:  But he's serving 99 years.

16        MR. CHICO-LUNA:  In state court, Your Honor,

17   but I'm talking about --

18        THE COURT:  But he's serving 99 years.

19        MR. CHICO-LUNA:  And Mr. Alexis Arroyo, who

20   was at that robbery also, he plead and his

21   recommendation is for seven years.  So, I believe the

22   Court should take that into account.

23        THE COURT:  But that one is not in three

24   other robberies.

25        MR. CHICO-LUNA:  True, Your Honor, he's only

1  in one.

2          THE COURT:  He's only in one, okay.

3          MR. CHICO-LUNA:  But the sentence that the

4  government is requesting is basically triple of what

5  the other gentlemen got, Your Honor; so I believe --

6          THE COURT:  Yeah, but --

7          MR. CHICO-LUNA:  -- the lower end of the

8  plea is sufficient but not greater than necessary.

9  And that would be my only request to the Court.

10          THE COURT:  Let's review that carefully.

11  There's one gentleman that is serving 99 years and

12  was the shooter and the causer of the death of a

13  policeman.

14          MR. CHICO-LUNA:  That is correct.

15          THE COURT:  That other gentleman is not only

16  serving 99 years -- how many cases of robberies did

17  he have?

18          MR. CHICO-LUNA:  He participated in three

19  robberies, Your Honor.

20          THE COURT:  But not four.

21          MR. CHICO-LUNA:  Not four.

22          THE COURT:  And plus he was the shooter

23  of --

24          MR. CHICO-LUNA:  The police officer.

25          THE COURT:  -- the police officer and he's

Sentencing Hearing - Marciano Olivo-Rosa

1   serving 99 years under the new law, so he's going to

2   serve 99 years apparently pursuant to law.  He's

3   going to serve 99 years.

4           MR. CHICO-LUNA:  I believe so, Your Honor,

5   but I'm not up-to-date on the criminal state law.

6           THE COURT:  All right.  And the gentleman

7   that got seven years participated in only one

8   robbery, not four.

9           MR. CHICO-LUNA:  In the one robbery that the

10   police officer was shot.

11           THE COURT:  And precisely in the robbery.

12           MR. CHICO-LUNA:  Yes.

13           THE COURT:  Wow.  Okay, very well.  United

14   States.

15           MR. CANNON:  Yes, Your Honor, and I won't

16   repeat what Mr. Cass has said in his sentencing

17   memorandum.  The government does believe that

18   20 years serves the purposes of taking into account

19   the violent nature of these offenses, which

20   ultimately led to the death of Officer Ivan Matos,

21   but it also then does what defense counsel's

22   concerned with; it does take into account this

23   particular defendant's role in this offense.

24           But most importantly, Your Honor, that

25   sentence of 20 years serves to protect the community

Sentencing Hearing - Marciano Olivo-Rosa

1    from future crimes.  This is not a singular incident

2    that the defendant participated in, and that's the

3    basis for the government's recommendation of

4    20 years.

5         I would just -- I wanted to note two things

6    also for the record.  I believe that Your Honor had

7    said that the defendant faces 20 years; that's the

8    government's recommendation, there's no doubt about

9    it.  The plea agreement is for 15 to 20, but it is a

10   Type (B) plea.  He does face obviously for the 924(c)

11   up to life imprisonment.  I just want the record to

12   be clear so that he can be advised of that.

13        THE COURT:  Yes, I know.  But the plea

14   contemplates, when he signed the plea and he agreed

15   to the plea, he was -- notwithstanding that there is

16   a maximum of up to life, which the Court can provide

17   to him, but of course I'm not thinking of a life

18   sentence for this gentleman --

19        MR. CANNON:  No, no.  It was just for

20   purposes of clearing the record up, Your Honor.  And

21   our recommendation is obviously the 20 years.

22        THE COURT:  But when he signed the plea,

23   when he put his signature there and he put the

24   initials there, there is a page in that plea

25   agreement that says that this plea agreement for him

Sentencing Hearing - Marciano Olivo-Rosa

1    is reasonable between 15 and 20.

2           MR. CHICO-LUNA:  Yes, sir.

3           MR. CANNON:  Yes, Your Honor.  And one other

4    just minor correction, Your Honor.  On page 100 --

5    paragraph 188 --

6           THE COURT:  188 of the presentence report?

7           MR. CANNON:  Yeah.  It mentions that the

8    defendant is subject to a mandatory consecutive

9    statutory minimum of 60 months, and that's just -- it

10   should have been 84.  It says 84 at several --

11          THE COURT:  It is 84 because there was a

12   brandishing.

13          MR. CANNON:  Yes, Your Honor.  It says 84 in

14   several other places in the PSR, it was merely a

15   typo.

16          THE COURT:  Okay, so that has to be

17   corrected.

18          MR. CANNON:  Yes.

19          THE COURT:  Do you disagree or you agree?

20          MR. CHICO-LUNA:  No, Your Honor.

21          THE COURT:  I'm talking about the 84 months.

22          MR. CHICO-LUNA:  Yes.  For the gun count.

23          THE COURT:  For the brandishing is 84; 7

24   times 12 is 84.  All right, so that should be changed

25   at 188.

Sentencing Hearing - Marciano Olivo-Rosa

1        I will hear the allocution from the

2    defendant.

3        (Defendant allocutes by reading a letter in

4    Spanish.)

5        THE INTERPRETER:  Does the Court wish to

6    have this translated, Your Honor?

7        THE COURT:  Yes, please.  Thank you.

8        THE INTERPRETER:  Good morning.  To this

9    Honorable Court and to all the personnel, attorneys,

10   prosecutors, and finally, Your Honor.

11       Today is a historic day in my life and that

12   of my family because, after two years of an internal

13   struggle, I have been able to see the light at the

14   end of the tunnel.  It has been a difficult process

15   both for me and for my family.

16       During this process in my case, Your Honor,

17   I have been able to understand that we men must

18   assume responsibility in life.  You were fair when

19   you changed my attorney understanding what I had

20   said, for which I am repentant and I assume my

21   responsibility.

22       I ask that you have consideration regarding

23   my sentence since I accept my acts and I am speaking

24   to you honestly and sincerely.  I have always been a

25   hard, struggling person and hardworking.  I worked

Sentencing Hearing - Marciano Olivo-Rosa

1  for many years at the BK, at Pep Boys, Econo; I've

2  always been a hardworking person.  I believe in men

3  who work and honor the country, the fatherland with

4  their sweat.

5          Unfortunately, life struck me a blow and

6  trapped me, Your Honor, and I ask this respectable

7  Court to have clemency on my destiny, which is

8  difficult to accept but that hopefully will be fair.

9          And, Your Honor, Judge Domínguez, I

10 reiterate once again my gratitude to this Court.  And

11 I hope some day, if life gives me the opportunity to

12 find myself in front of you, that it will be under

13 other circumstances.  And that I can serve you and

14 your family and all the people present here as a

15 citizen -- as I am fair, honest, transparent -- for

16 the good of humanity, my two children, and my

17 respectable family of which I request forgiveness for

18 not having been perfect, as they would have liked.  I

19 apologize to all the victims who in one way or

20 another I caused harm to.

21         Thank you once again.  And may God be with

22 all of us.  And may we all continue forward to

23 improve our hearts and our country.  Thank you and

24 good afternoon.

25             (Off-the-record sidebar discussion held with

Sentencing Hearing - Marciano Olivo-Rosa

1    probation officer.)

2          THE COURT:  United States, is the victim

3    here?

4          MR. CANNON:  Your Honor, the victim's wife,

5    we believe, was going to be present today; but she --

6    she did not show up.  And we actually tried to

7    contact her yesterday and we lost contact with her

8    essentially.

9          THE COURT:  But the --

10         MR. CANNON:  We discussed it, Your Honor.

11   We don't think, based on -- I spoke with the special

12   agent involved -- that based on this defendant's role

13   and the fact that she had been present at plenty of

14   the other hearings that it was necessary to delay the

15   proceedings.  We tried her several times today.

16         THE COURT:  I know.  And the Court notes

17   that I think that -- you correct me -- that we once

18   postponed this case, did we not, for the victim to

19   arrive and she didn't show up?  Right?

20         MR. CANNON:  I'm not sure if that's the case

21   for this.

22         MR. CHICO-LUNA:  If I may clarify, Your

23   Honor.  We postponed it.  It's not that she didn't

24   arrive; she was notified late and she was in Boston,

25   outside of Puerto Rico.  That's why she wasn't here.

Sentencing Hearing - Marciano Olivo-Rosa

1        THE COURT:  Okay, but--

2        MR. CHICO-LUNA:  But she was notified that

3   it was changed for today because -- so she could be

4   present.

5        THE COURT:  Okay, very well.

6        Is there any reason why the Court should not

7   pronounce sentence at this time?  United States?

8        MR. CANNON:  No, Your Honor.

9        MR. CHICO-LUNA:  Not from the defense, Your

10  Honor.

11       THE COURT:  Okay.  On June 23, 2014, the

12  defendant, Marciano Olivo-Rosa, plead guilty to

13  Count 1 of the indictment in criminal case No. 12-626

14  which charges a violation of Title 18, U.S.C.,

15  Section 1951.  That is interference of commerce by

16  robbery, a Class C Felony.  And Counts 1, 3, 4, and 5

17  of the superseding indictment in criminal case

18  No. 13-095, which charges three further violations of

19  Title 18, U.S.C., Section 1951.  That is interference

20  of commerce by robbery; and a violation of Title 18,

21  U.S.C., Section 924(c)(1)(A)(ii), that is, use and

22  brandishing a firearm during and in relation to a

23  crime of violence, Class C and Class A felonies

24  respectively.

25       The November 1, 2013, edition of the United

Sentencing Hearing - Marciano Olivo-Rosa

1  States Sentencing Guidelines has been used to apply

2  the advisory guidelines adjustments pursuant to the

3  provisions of Guideline Sections 1B1.11(a).  Pursuant

4  to the Guideline Section 3D1.4, Count 1 of the

5  indictment in criminal case No. 12-626, and Counts 1,

6  3, and 5 of the indictment in criminal 13-095 are

7  treated as separate groups for purposes of

8  determining the combined offense level.

9       As reflected in the guideline calculations

10  included at the presentence report, a combined

11  offense level of 33 has been established.  As

12  Defendant has accepted responsibility for his

13  participation in the offense, three levels were

14  deducted pursuant to United States Guidelines

15  3E1.1(a) and (b).

16       Based on a total offense level of 30 and a

17  criminal history category of I, the guideline

18  imprisonment range for this offense is from 97 to

19  121; with a fine range of 15,000 to 250,000; plus a

20  supervised release of at least one but not more than

21  three [3] years as to Count No. 1 in Criminal 12-626,

22  and Counts 1, 3, 5 in Criminal 13-095.

23       As to Count 4 in Criminal 13-095, pursuant

24  to Guideline Section 2K2.4(b), Chapters 3 and 4 shall

25  not apply as to Title 18, U.S.C., 924(c)(1)(A)(2),

Sentencing Hearing - Marciano Olivo-Rosa

1    and the guideline sentence is a minimum term of

2    imprisonment required by statute; that is, 84 months,

3    with a fine range of up to 250,000 and a supervised

4    release term of not more than five [5] years.  The

5    term of imprisonment as to Count 4 must be imposed

6    consecutively to other counts of the conviction.

7         So, to recapitulate, the defendant is

8    looking at 97 to 121 -- a potential sentence of 97 to

9    121 under the guidelines but up to 240 pursuant to

10   law.  And there is a mandatory 84 months consecutive

11   sentence which must be added to whatever the Court

12   deems reasonable in this case.  And the defendant

13   accepted in the plea agreement that his range would

14   be between 15 to 17 pursuant to the guidelines, but

15   15 to 20 pursuant to the law; is that correct?

16        MR. CHICO-LUNA:  Yes, Your Honor.

17        THE COURT:  All right.  The Court has

18   reviewed the advisory guideline calculations and

19   finds that the presentence investigation report has

20   adequately applied the computations.  The guideline

21   computation satisfactorily reflects the components of

22   this offense by considering its nature and

23   circumstance.  Furthermore, the Court has considered

24   other sentencing factors set forth at Title 18,

25   U.S.C., Section 3553(a).

Sentencing Hearing - Marciano Olivo-Rosa

1       As indicated in the presentence report,

2   Mr. Olivo-Rosa is a 28-year-old citizen and resident

3   of Cataño, Puerto Rico who has two minor dependents.

4   The defendant has a high school diploma and was

5   employed at the time of the instant arrest.

6   Mr. Olivo does not suffer from physical or emotional

7   health problems.  He denied the use of illegal drugs

8   and yielded negative results to all drugs on both

9   urinalyses taken at the time of his arrest.

10      This is Mr. Olivo-Rosa's first federal

11  conviction.  He was charged with robbery and weapons

12  violation in the Bayamón and Cayey state superior

13  courts; however, those cases were dismissed as the

14  circumstances in both cases were the same as those in

15  the federal case.

16      Lastly, the Court has taken into

17  consideration the elements of the offense,

18  Mr. Olivo's participation in the same.  The Court has

19  taken into consideration all of Title 18, U.S.C.,

20  3553 factors, the elements of the offense, and the

21  need to promote respect for the law and protect the

22  public from further crimes by the defendant, as well

23  as addresses the issue of deterrence and punishment.

24  Further, the Court has taken into consideration the

25  defendant's propensity to commit this type of crime,

Sentencing Hearing - Marciano Olivo-Rosa

1    his use of firearms, and violence.

2           The Court deems that the sentence in this

3    case should be off the guideline sentence.  Why?  The

4    Court deems that after the Court was generous with

5    him, removed the monitoring device, had prior thereto

6    granted him bail, he committed three additional

7    crimes.  On separate dates, not on the same date.

8    So, considering all those factors, it is the judgment

9    of the Court that Mr. Marciano Olivo-Rosa is hereby

10   committed to the custody of the Bureau of Prisons to

11   be imprisoned for a term of 132 months as to Count 1

12   in Criminal 12-626; and as Counts 1, 3, and 5 in

13   Criminal 13-095, to be served concurrently with each

14   other followed by a consecutive imprisonment term of

15   84 months in 13-095 for a term of 260 months; that

16   is, 18 years.

17          Upon release from confinement, the defendant

18   shall be placed on supervised release for a term of

19   three [3] years as to Count 1 in Criminal 12-626 and

20   Counts 1, 3 and 5 in Criminal No. 13-095, and

21   five [5] years as to Count 4 in Criminal 13-095 to be

22   served concurrently with each other pursuant to Title

23   18, U.S.C., Section 3624(e) under the following terms

24   and conditions:

25          Sir, so you're going to -- the Court has

Sentencing Hearing - Marciano Olivo-Rosa

1    imposed a concurrent sentence as to the supervised

2    release.  So, because it is concurrent, the higher

3    one is five [5] years of supervised release.

4         The defendant shall not commit another --

5    and these are your conditions:  The defendant shall

6    not commit another federal, state, or local crime and

7    shall observe the standard conditions of supervised

8    release, recommended by the United States Sentencing

9    Commission and adopted by this Court.

10        The defendant shall not unlawfully possess

11   controlled substances.

12        The defendant shall refrain from possessing

13   firearms, destructive devices, and other dangerous

14   weapons.

15        The defendant shall participate in a

16   transitional support services under the guidelines

17   and supervision of the U.S. probation officer.

18        The defendant shall remain in the services

19   until satisfactorily discharged by the service

20   provider and/or with the approval of the U.S.

21   probation officer.

22        The defendant shall refrain from the

23   unlawful use of a controlled substance and submit to

24   a drug test within 15 days of release.  Thereafter,

25   submit to random drug testing no less than three

Sentencing Hearing - Marciano Olivo-Rosa

1   samples during the supervise period and not to exceed

2   104 samples per year in accordance with the drug

3   aftercare program policy of the U.S. Probation Office

4   approved by this Court.  If any such samples detect

5   substance abuse, the defendant shall participate in

6   an in-patient or outpatient substance abuse treatment

7   program for evaluation and/or treatment as arranged

8   by the U.S. probation officer until duly discharged.

9          The defendant is required to contribute to

10  the costs of service rendered co-payment in an amount

11  arranged by the U.S. probation officer based on the

12  ability to pay or the availability of third-party

13  payment.

14         The defendant shall participate in a

15  substance abuse treatment program arranged and

16  approved by the U.S. probation officer until duly

17  discharged by authorized program personnel with the

18  approval of the United States Probation Office, and

19  submit to urinalysis whenever required to do so by

20  the treatment program or the U.S. probation officer.

21         The defendant shall provide the U.S.

22  probation officer access to any financial information

23  upon request.

24         The defendant shall participate in

25  vocational training and/or a job placement program

Sentencing Hearing - Marciano Olivo-Rosa

1    recommended by the U.S. probation officer.

2         The defendant shall submit to a search of

3    his person, property, house, residence, vehicle,

4    papers, computers, and other electronic communication

5    or data storage device or media and effects to a

6    search at any time, with or without a warrant, by the

7    U.S. probation officer and, if necessary, with the

8    necessary assistance of the law enforcement officer

9    in the lawful discharge of the supervisory functions

10   of the officer with reasonable suspicion concerning

11   unlawful conduct or a violation of the condition of

12   probation or supervised release.

13        The probation officer may seize any

14   electronic device which will be subject to further

15   forensic investigation and analysis.  Failure to

16   submit to a search and seizure may be grounds for

17   revocation.

18        The defendant shall warn any other residents

19   or occupants that his premises may be subject to

20   search and seizure.

21        Anna, I don't have the Riley instruction.

22        THE COURTROOM DEPUTY:  (Handing.)

23        THE COURT:  In consideration of the Supreme

24   Court's ruling in *Riley versus California* the Court

25   will order that any search of the defendant's home by

Sentencing Hearing - Marciano Olivo-Rosa

1  probation, while the defendant is on supervised

2  release, be performed only if there's a reasonable

3  articular suspicion that a specific phone owned or

4  used by the defendant contains evidence of a crime or

5  a violation of release condition while used in

6  furtherance of the crime or was specifically used

7  during the actual commission of the crime.

8       Now I'm going to stop.  Sir, to perform a

9  recapitulation of your important critical conditions:

10  No more crimes.  No more weapons.  And, sir, you are

11  subject to a search based upon reasonable suspicion

12  that you may be either committing, about to commit a

13  crime, or that you are engaged in a crime and,

14  therefore, they can, with reasonable suspicion,

15  search your house, your workplace, and all of your

16  cars.  Do you understand that?

17       THE DEFENDANT:  Yes.

18       THE COURT:  All right.  All right.

19       The defendant shall cooperate in the

20  collection of a DNA sample as directed by the U.S.

21  probation officer pursuant to the revised DNA

22  collection requirements and Title 18, United States

23  Code, Section 3563(a)(9).

24       Having considered Mr. Olivo-Rosa's

25  condition, a fine is not imposed.  A special monetary

Sentencing Hearing - Marciano Olivo-Rosa

1  assessment in the amount of $100 per count is

2  imposed, as required by law, for a total of $500.

3          Has that been paid?

4          MR. CHICO-LUNA:  No, Your Honor.

5          THE COURT:  Okay.  What is your request?

6          MR. CHICO-LUNA:  That he'll pay it once he's

7  on supervised release, Your Honor.  He can make a

8  payment.

9          THE COURT:  Well, I think he ought to work

10 while he is serving.

11         MR. CHICO-LUNA:  True, Your Honor.  I

12 believe he should work and he should get vocational

13 training if available.

14         THE COURT:  And vocational training.  Get

15 him away from weapons.

16         The critical problem in this case was that

17 the Court was convinced, at his request, that we

18 ought to take his monitoring device off.  And right

19 there after, he commits three crimes which have made

20 his case more serious than he expected; because he

21 asks the United States probation officer that his

22 monitoring device ought to be taken away because he

23 asks that he was having problems to stay in

24 employment.  As a consequence of the monitoring

25 device being taken away, he commits three more crimes

Sentencing Hearing - Marciano Olivo-Rosa

1  with a weapon.  That has been the determining factor

2  in this case.  Perhaps we shouldn't have granted him

3  that request.

4          Sir, you can appeal your conviction if you

5  believe that your guilty plea was somehow unlawful or

6  involuntary, or if there is some other fundamental

7  defect in the proceedings that was not waived by your

8  guilty plea.  You also have a statutory right to

9  appeal your sentence under certain circumstances

10  particularly if you think that the sentence contrary

11  to the law.  With few exceptions, any notice of

12  appeal must be filed within 14 days of judgment being

13  entered in your case.

14          Let me review that with you.  When the plea

15  was taken in these two cases, one of the conditions

16  of the plea was that you could not, in any way, later

17  question your plea agreement as far as convictions

18  was concerned.  That is, that after you pled you

19  could not in any way attempt to get away from your

20  acceptance of responsibility in all four of those

21  crimes.

22          Then, as part of the plea agreement, you

23  accepted that the Court had discretion to sentence

24  you between 15 to 20 years.  The Court has chosen

25  18 years partly because of what happened related to

Sentencing Hearing - Marciano Olivo-Rosa

1    the crimes that you committed after the monitoring

2    device was taken from you.  That is, it was removed

3    from your presence, which caused the crimes.

4            So, is this sentence illegal?  No, it is

5    not; 84 is a mandatory minimum as to the weapon, and

6    120 is a statutory; and 20 years, 240, would have

7    been a statutory maximum.  The Court did not go to

8    the statutory maximum -- not the statutory maximum,

9    excuse me -- was the maximum of the plea agreement;

10   because the statutory maximum was life, as the United

11   States advised you.  So, the Court understands that

12   the sentence is within the discretion of the Court.

13           Sir, with few exceptions, again, any notice

14   of appeal must be filed within 14 days of judgment

15   being entered in your case.  If you're unable to pay

16   the cost of an appeal, you may apply for leave to

17   appeal in forma pauperis.  If so request, the clerk

18   of the Court will prepare and file a notice of appeal

19   on your behalf.

20           The Court recommends that this defendant be

21   authorized to take as many vocational treatment as he

22   likes and he prefers.  And, second, that you work

23   during that time.  Don't stay in the prison looking

24   at the four walls of the prison, get an education.

25           The Court directs that the transcript of the

Sentencing Hearing - Marciano Olivo-Rosa

1    sentencing proceeding be forwarded to the Sentencing

2    Commission, United States Bureau of Prisons, as well

3    as the Probation Office within 30 days.

4            Okay, preference to serve.

5            MR. CHICO-LUNA:  Yes, Your Honor.  An

6    institution on or near Columbus, Ohio where his

7    eldest son is; or, in the alternative, Fort Dix, New

8    Jersey where his family lives in New York so the

9    whole family can visit him.

10           THE COURT:  What's his first choice?

11           MR. CHICO-LUNA:  Columbus, Ohio on or near.

12           THE COURT:  The Court recommends that this

13   defendant be authorized to serve the remaining time

14   of his sentence in or around northern Ohio where his

15   oldest son lives, and/or near -- you said Fort Dix?

16           MR. CHICO-LUNA:  If not, the alternative is

17   Fort Dix, New Jersey.

18           THE COURT:  The other alternative is Fort

19   Dix, New Jersey.  All right.  Okay.

20           The Court directs that the transcript of the

21   sentencing proceeding be forwarded to the Sentencing

22   Commission, the United States Bureau of Prisons, as

23   well as the Probation Office within 30 days.

24           Anything further, counsel for the defense?

25           MR. CHICO-LUNA:  From the defense, no, Your

Sentencing Hearing - Marciano Olivo-Rosa

1    Honor.

2              THE COURT:  United States?

3              MR. CANNON:  Your Honor, the government

4    would move to dismiss any remaining counts in either

5    case at this time.

6              THE COURT:  The remaining counts are ordered

7    dismissed.

8              Anything further from counsel?

9              MR. CHICO-LUNA:  No, Your Honor.  Permission

10   to withdraw.

11             THE COURT:  You may withdraw.  Thank you

12   very much.

13             (Sentencing Hearing concluded at 11:35 a.m.)

14                            ---

15

16

17

18

19

20

21

22

23

24

25

Sentencing Hearing - Marciano Olivo-Rosa

1   UNITED STATES DISTRICT COURT    )

2                 OF                 )ss.

3       PUERTO RICO                  )

4

5

6

7                         CERTIFICATE

8

9

10          I, EVILYS E. CARRIÓN-ESQUILÍN, hereby

11   certify that the proceedings and evidence are

12   contained fully and accurately, to the best of my

13   ability, in the notes recorded stenographically by

14   me, at the sentencing hearing in the above matter;

15   and that the foregoing is a true and accurate

16   transcript of the same.

17

18                         /s/ Evilys E. Carrión-Esquilín

19                         EVILYS E. CARRIÓN-ESQUILÍN, RPR
                           Official Court Reporter
20                         United States District Court
                           Federal Building, Room 200
21                         San Juan, Puerto Rico 00918
                           787-772-3377
22

23

24

25