FROM: 69123061
TO:
SUBJECT: Olivo-Rosa Motion to Amend 2255
DATE: 05/14/2016 02:58:15 PM

RECEIVED & FILED
2016 MAY 24 PM 1: 13
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, P.R.

Clerk of the Court
Federal District of Puerto Rico
150 Carlos Chardon Avenue, Room 150
San Juan, PR 00918

Re: Criminal Action Numbers 12-cr-626 (DRD) & 13-cr-095 (ADC); United States v. Marciano Olivo-Rosa

MOTION FOR LEAVE OF COURT TO AMEND
MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 USC 2255

Defendant Marciano Olivo-Rosa hereby moves this Court for leave to amend his motion to vacate, set aside, or correct sentence under 28 USC 2255 based on a change in controlling precedent from the United States Supreme Court in Johnson v. United States, 135 S.Ct. 2551 (2015).

Under 28 USC 2255, a prisoner in custody claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States may move the court which imposed the sentence to vacate, set aside, or correct the sentence. 28 USC 2255(a).

Once a petitioner files a 2255 motion, "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall ... grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 2255(b).

Under 28 USC 2255(f)(3), a 1-year period of limitation shall apply to a motion under this section, and the limitation period shall run from the latest of -- (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to case on collateral review.

See also Dodd v. United States, 545 US 353, 357 (2005)(federal prisoners must seek leave to file a second or successive 2255 motion with the court of appeals from the circuit where they were sentenced within one year of "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable").

Johnson was originally decided on 26 June 2015, and on 18 April 2016 the Supreme Court held that Johnson applies retroactively to cases on collateral review under 28 USC 2255(h)(2). See Welch v. United States, 2016 BL 120401 (US).

In Johnson, the United States Supreme Court invalidated the Armed Career Criminal Act's "residual clause" as unconstitutionally vague. Johnson, 135 S.Ct. at 2557, 2563.

The full effect of Johnson on federal sentencing law continues to develop as Johnson also applies to:
(1) individuals who were sentenced as a career offender under USSG 4B1.1 based on one or more prior convictions that fit the "residual clause" of the career offender guideline, and
(2) convictions under 18 USC 924(c) for offenses that were committed in furtherance of a "crime of violence."

(1) Career Offenders under USSG 4B1.1

Under USSG 4B1.1(a), a defendant is a career offender if:
(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction;
(2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and
(3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

Section 4B1.2(a) states the term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that:
(1) has an element the use, attempted use, or threatened use of physical force against the person of another; or
(2) is a burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

The "residual clause" of the career offender guideline is the last few words of USSG 4B1.2(a)(2), "otherwise involves conduct that presents a serious potential risk of physical injury to another."

A conviction falling under the residual clause is no longer qualifying in light of Johnson because the United State Sentencing Guideline's residual clause is nearly identical to the "residual clause" of the Armed Career Criminal Act which was struck down by the Supreme Court as unconstitutionally vague.

See 18 USC 924(e)(2)(B)(ii), "otherwise involves conduct that presents a serious potential risk of physical injury to another."

Nearly all Circuit Courts of Appeal have long interpreted the USSG career offender provisions interchangeably with the residual clause of the ACCA. See, e.g., United States v. Madrid, 805 F3d 1204 (10th Cir. 2016)(holding that the career offender guideline is implicated by Johnson).

(2) Convictions under 18 USC 924(c)

18 USC 16(b) is a statutory provision that provides a generic definition of "crime of violence."

However, the wording of section 16(b) is also identical to the "residual clause" of 18 USC 924(c)(3).

Section 924(c) prohibits the use, carrying, or possession of a firearm in the furtherance of a violent crime or drug crime:
(3) For purposes of this subsection the term "crime of violence" means an offense that is a felony and
(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

The Fifth, Seventh, and Ninth Circuits have recently held the "residual clause" of 18 USC 16(b) is unconstitutional in light of Johnson.

See United States v. Gonzalez-Longoria, 813 F3d 225 (5th Cir. 2016)(rehearing en banc granted); United States v. Vivas Ceja, 808 F3d 719 (7th Cir. 2015); and Dimaya v. Lynch, 803 F3d 1110 (9th Cir. 2015).

Further, some courts are now applying Johnson to 924(c) crimes that rely on the "residual clause" of 18 USC 924(c)(3)(B).

See United States v. Lattanaphom, 2016 US Dist Lexis 12368 (EDCA 2016), and United States v. Bell, 2016 WL 344749 (NDCA 2016).

These courts relied on the Ninth Circuit's published decision in Dimaya, supra, to reach their conclusion that 924(c)(3)(B) is also unconstitutional because section 16(b) and section 924(c)(3)(B) have the same language.

Here, Olivo-Rosa was convicted of using, carrying, or brandishing a firearm during and in relation to a crime of violence in violation of 18 USC 924(c)(1)(A)(ii).

Since Johnson applies to 924(c) crimes that rely on the "residual clause" of 18 USC 924(c)(3)(B), and Olivo-Rosa has a qualifying conviction, at a minimum his 924(c) conviction must now be vacated and he must be re-sentenced without 13-cr-0095 count 3.

Therefore, Olivo-Rosa hereby moves this Court for leave to amend his motion to vacate, set aside, or correct sentence under 28 USC 2255 based on a change in controlling precedent from the United States Supreme Court in Johnson v. United States, 135 S.Ct. 2551 (2015).

Very Respectfully Submitted,

*Marciano Olivo*     05/14/2016

Marciano Olivo-Rosa
Reg # 40223-069
FCI Elkton, Unit FB

PO BOX 10
Lisbon, OH 44432